**UNITED STATES DISTRCT COURT**
**DISTRICT OF CONNECTICUT**

WAYNE ROGERS,             :    Case No. 3:22-cv-66(OAW)
      *Plaintiff*,      :         :
                                :
      v.                         :
                                :
NED LAMONT, ET AL.       :
      *Defendants*.      :    AUGUST 29, 2022

**<u>INITIAL REVIEW ORDER</u>**

Plaintiff Wayne Rogers is a pre-trial detainee in the custody of the Hartford Correctional Center ("HCC"). He has filed a civil rights complaint *pro se* and *in forma pauperis* to challenge the conditions of his confinement at HCC. Plaintiff names the following individuals as defendants: Governor Ned Lamont, Deputy Commissioner of the Department of Correction ("DOC") Sharonda Carlos, HCC's Warden Ned McCormick and Deputy Warden Devonia Long, Administrative Captain Rivera, Kitchen Supervisor Winton, and Correctional Officer ("CO") Haymond. *See* Complaint at p. 2–3, ECF No. 1. Plaintiff claims that the conditions at HCC including unsanitary cells, spoiled food, and the lack of recreation or a library, amount to a violation of his Fourth and Fourteenth Amendment rights. Plaintiff also claims that he was harassed after reporting the conditions at HCC.

### I. Standard of Review

Pursuant to 28 U.S.C. § 1915A(a)–(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." This standard

1

of review "appl[ies] to all civil complaints brought by prisoners against governmental officials or entities regardless of whether the prisoner has paid [a] filing fee." *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004) (internal quotation marks and citation omitted). While the screening requirement contained in § 1915A(a) applies to complaints in which "a prisoner seeks redress," courts also routinely have applied the statute to screen complaints brought by pre–trial detainees. *See e.g., Velez v. Santiago*, No. 3:18-cv-01584 (JAM), 2019 U.S. Dist. LEXIS 84306, at *5 (D. Conn. May 20, 2019) (screening complaint by pre–trial detainee); *Brown v. Harrington*, No. 3:18-cv-2029 (KAD), 2019 U.S. Dist. LEXIS 2901, at *1 (D. Conn. Jan. 7, 2019) (same).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

## II.   Allegations

Plaintiff claims that the conditions at HCC are unsanitary and amount to a deprivation of his basic human needs.  Complaint at p. 4, ¶ 1.  Specifically, he alleges that "food services at HCC are unhealthy and fail to meet the proper nutritional value."  *Id.* at ¶ 4.  Food is "regularly served cold and for at least one whole week every month, milk is served spoiled."  *Id.*  Plaintiff also claims that the cells are too small to maintain social distancing (*id.* at ¶ 8), extremely cold in the winter and hot in the summer (*id.* at ¶ 9), are dusty, and have black mold which is regularly painted over.  *Id.*  Moreover, Plaintiff alleges that there are mice in the cells that eat food and leave feces all over the cell, creating a danger of infectious disease.  *Id.* at ¶¶ 9–10.  Plaintiff further claims that recreation at HCC is nonexistent, and that Defendants have used the COVID–19 pandemic as an excuse to deny inmates recreation.  *Id.* at ¶ 13.  Moreover, Defendants have discontinued use of the gym, as inmates are sleeping on the gym floor.  *Id.* at ¶ 15.  Plaintiff also alleges that HCC has no library, and he has no access to books. *Id.* at ¶ 14.   When Plaintiff reported his complaints to Defendants, he claims that nothing was done and the conditions persist.  *Id.* at ¶¶ 7, 12, 16.  Moreover, Plaintiff alleges that Defendant Haymond has targeted him ever since Plaintiff filed these grievances.  *Id.* at ¶ 18.  Specifically, Defendant Haymond allegedly threatened to assault Plaintiff off camera by the stairs, and did assault Plaintiff on two occasions by shutting the door on Plaintiff and squeezing him in between the door and door frame. *Id.* at ¶¶ 20–21.

## III.   DISCUSSION

Plaintiff asserts claims of unsanitary and inhumane conditions in violation of his rights as a pre-trial detainee under the Fourth and Fourteenth Amendment.  He seeks

punitive damages, compensatory damages, and an injunction directing the DOC to correct the unsanitary conditions at HCC.

### A.  Section 1983 Official Capacity Claims

The complaint fails to specify whether Plaintiff brings his claims against Defendants in their individual or official capacities.  However, the Second Circuit has suggested a preference to construe such complaints as stating both official and individual capacity claims.  *Frank v. Relin,* 1 F.3d 1317, 1326 (2d Cir.) ("[A] plaintiff who has not clearly identified in her complaint the capacity in which the defendant is sued should not have the complaint automatically construed as focusing on one capacity to the exclusion of the other.").  To the extent that Plaintiff seeks monetary relief from Defendants in their official capacities for violating his federal constitutional rights, those claims are barred by the Eleventh Amendment and are dismissed under 28 U.S.C. § 1915A(b)(2).  *See Kentucky v. Graham*, 473 U.S. 159 (1985) (noting that Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity).

### B.  Fourth Amendment – Individual Capacities

In the "claims for relief" section of the complaint, Plaintiff states that Defendant Winton's actions "distributing old food and improper food rations" violates the Fourth Amendment. Complaint, Claims for Relief, ¶ 2.  Plaintiff also alleges that Defendant Haymond's "assault, threats and retaliation" violates his Fourth Amendment. *Id.* at ¶ 3. Lastly, Plaintiff claims that the "deliberate indifference" from Defendants Lamont, Carlos, Long, McCormick and Rivera also violates his Fourth Amendment. *Id.* at ¶ 4.

The Fourth Amendment to the United States Constitution states that "[t]he right of the people in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."  U.S. CONST. amend. IV.   The complaint does not contain any facts to state a claim of a violation of Plaintiff's Fourth Amendment rights by any defendant. The Fourth Amendment claims are dismissed.   *See* 28 U.S.C. § 1915A(b)(1).

### C.  Fourteenth Amendment Claims – Individual Capacity

It is well–established that "[a] pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment . . . because 'pretrial detainees have not been convicted of a crime and thus may not be punished in any manner — neither cruelly and unusually nor otherwise.'" *Brown v. Harrington*, No. 3:18–cv–2029 (KAD), 2019 U.S. Dist. LEXIS 2901, at *3 (D. Conn. Jan. 7, 2019) (citing *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017)).  However, "[a] detainee's rights [under the Fourteenth Amendment] are 'at least as great as the Eighth Amendment protections available to a convicted prisoner,'" *Darnell*, 849 F.3d at 29.  "A pretrial detainee may establish a § 1983 claim for allegedly unconstitutional conditions of confinement by showing that the officers acted with deliberate indifference to the challenged conditions."  *Id.* at 29.  Under the test for deliberate indifference, "a pretrial detainee must satisfy two prongs . . . an 'objective prong' and a 'subjective prong.'" *Id.*

 "[T]o establish an objective deprivation, 'the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health,

which includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (internal citations omitted). "The objective prong is the same under either [the Eighth or Fourteenth] analysis: It requires that the deprivation at issue be, 'in objective terms, sufficiently serious.'" *McCray v. Westchester Cty.*, No. 18-cv-03494 (NSR), 2021 U.S. Dist. LEXIS 229224, at *10 (S.D.N.Y. Nov. 30, 2021) (citing *Simmons v. Mason*, No. 17-CV-8886 (KMK), 2019 U.S. Dist. LEXIS 160130, 2019 WL 4525613, at *9 (S.D.N.Y. Sept. 18, 2019)). There is no 'static test' to determine whether a deprivation is sufficiently serious as "the conditions must be evaluated in light of contemporary standards of decency." *Blissett v. Coughlin*, 66 F.3d 531, 537 (2d Cir. 1995) (citing *Rhodes v. Chapman*, 452 U.S. 337, 346, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981)).

The subjective prong of the deliberate indifference test under the Fourteenth Amendment requires a pretrial detainee to "prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35. Although the second prong of the deliberate indifference test has historically been labeled by courts as the "subjective prong," it "might better be described as the '*mens rea* prong' or 'mental element prong'" as this circuit uses an objective standard to measure whether a defendant-official acted with deliberate indifference. *Id.* In *Darnell*, the Second Circuit overruled its prior holding that a pretrial detainee's claim of deliberate indifference under the Fourteenth Amendment follows the same analysis as a convicted prisoner's claim under the Eighth Amendment. When challenging conditions of confinement, a convicted prisoner is required, under the Eighth

---

Amendment, to show an official's "actual awareness" of the harms associated with the challenged conditions.  In *Darnell*, the Second Circuit overruled its prior holding in *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009), which required pretrial detainees to prove deliberate indifference with the same subjective standard required for claims brought by convicted prisoners under the Eighth Amendment.  The *Darnell* court interpreted the Supreme Court's decision in *Kingsley v. Hendrickson*, 57, 192 L. Ed. 2d 416 (2015) as allowing a pretrial detainee to prove deliberate indifference through an objective standard.

Therefore, a pretrial detainee challenging the conditions of his confinement under the Fourteenth Amendment must show (1) that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health; and (2) that the defendant(s) acted intentionally to impose the alleged condition that they knew posed an excessive risk, or recklessly failed to reasonably mitigate a risk that the defendant(s) should have known posed an excessive risk to the pretrial detainee's health or safety. Moreover, a pretrial detainee seeking to recover money damages under § 1983 from a defendant in an individual capacity must demonstrate "the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013).  The Second Circuit held in *Tangreti v. Bachmann* that "a plaintiff must plead and prove "that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" 983 F.3d 609, 618 (2020) (quoting *Iqbal*, 556 U.S. at 676).

  1.  Nutritionally Inadequate Food

The Eighth Amendment (and thereby the Fourteenth Amendment for pretrial detainees) requires "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well–being of the inmates who consume it." *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983).  Here, Plaintiff alleges that food is "regularly served cold," however "[t]he provision of cold food is not, by itself, [a constitutional violation] as long as it is nutritionally adequate and is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it."   *Waring v. Meachum*, 175 F. Supp. 2d 230, 238 (D. Conn. 2001).  Plaintiff does, however, allege that HCC regularly serves spoiled milk for one week at the end of each month.    In *Wiley*, the Second Circuit concluded that the prisoner's allegations that he was usually served stale bread and rotten cabbage for one week were sufficient to allege an objective deprivation.  *Willey v. Kirkpatrick*, 801 F.3d 51, 69 (2d Cir. 2015).  Other courts have similarly recognized that a cognizable claim exists when an inmate raises an allegation of regularly spoiled food. *See Lunney v. Brureton*, 2005 U.S. Dist. LEXIS 770, at *18 (S.D.N.Y. Jan. 21, 2005) (prisoner sufficiently stated a claim for unconstitutional conditions of confinement by alleging that his meals were "regularly spoiled and/or improperly prepared" on numerous occasions); *Smith v. Westchester Cty.*, No. 19-cv-03605 (NSR), 2021 U.S. Dist. LEXIS 127483, at *22–23 (S.D.N.Y. July 7, 2021) (prisoner adequately plead food-related claim where he alleged that he had been served sour tasting, expired meat and food that tasted like soap).  Although Plaintiff has not alleged any injury as a result of the spoiled milk, the Second Circuit has stated that "serious injury is unequivocally not a necessary element of an Eighth Amendment claim" arising from an inmate's conditions of confinement.

*Willey v. Kirkpatrick*, 801 F.3d 51, 68 (2d Cir. 2015) (vacating district court's decision to dismiss inmate's complaint on the grounds that he failed to claim that "he suffered sickness or other ill effects" from the challenged conditions).   The court sees no distinction, at least on initial review, for applying this same reasoning to Plaintiff's Fourteenth Amendment claim challenging the conditions of his confinement.  Plaintiff will be permitted to proceed with his Fourteenth Amendment claim against Defendant Winton (HCC's kitchen supervisor) in his individual capacity.

Plaintiff has not, however, plead enough facts to demonstrate that Defendants Lamont, Carlos, McCormick, Long, and Rivera had any personal involvement in any of the alleged conditions of confinement including the nutritionally adequacy of the food, the cell conditions, or the lack of recreation.  Plaintiff's complaint merely repeats the allegation that he notified Defendants Lamont, Carlos, McCormick, Long, and Rivera with respect to each of the challenged conditions, and they all failed to respond or correct the condition. However, "conclusory claims that a supervisor did not respond to letters or grievances, or that a supervisory official referred a letter to subordinates is insufficient to establish personal involvement."   *Young v. Fischer*, No. 9:12-cv-01642 (MAD/TWD), 2017 U.S. Dist. LEXIS 32267, at *25 (N.D.N.Y. Mar. 6, 2017).  "In order for a plaintiff to maintain a § 1983 constitutional claim against a defendant, a plaintiff must allege facts to show that the named defendant was personally involved in the alleged constitutional violation." *Lexis v. Bellemare*, No. 3:18-cv-1403 (JAM), 2019 U.S. Dist. LEXIS 64036, at *20 (D. Conn. Apr. 15, 2019) (citing *Raspardo v. Carlone*, 770 F.3d 97, 116 (2d Cir. 2014)).  Because Plaintiff has failed to provide any factual details related to their personal

involvement, the Fourteenth Amendment claims against Defendants Lamont, Carlos, McCormick, Long, and Rivera are dismissed.

### D. First Amendment – Individual Capacity

Interpreting Plaintiff's complaint liberally, the court will construe Plaintiff's claim against Defendant Haymond as a First Amendment claim rather than a claim under the Fourteenth Amendment.  Plaintiff alleges that after he reported the inhumane prison conditions, Defendant Haymond threatened, assaulted, and retaliated against him.  The Due Process clause of the Fourteenth Amendment protects pretrial detainees from unconstitutional conditions of confinement, *Darnell v. Pineiro*, 849 F.3d 17 (2d Cir. 2017), and from excessive force used by prison officials, *Kingsley v. Hendrickson*, 576 U.S. 389. Procedural due process under the Fourteenth Amendment protects pretrial detainees from being subjected to segregation or other heightened restraints without a pre-deprivation hearing.  *Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010).  Plaintiff has not alleged a cognizable claim against Defendant Haymond under the Fourteenth Amendment.  It is the First Amendment – not the Fourteenth Amendment – which affords inmates "the right to complain about prison conditions, especially conditions that the prisoner believes endanger his health and safety."  *Petitpas v. Griffin*, No. 3:20-cv-00769 (JAM), 2021 U.S. Dist. LEXIS 86815, at *16 (D. Conn. May 6, 2021).  In order to state a claim for First Amendment retaliation, a prisoner plaintiff must allege facts showing (1) that he engaged in activity that is protected under the First Amendment, (2) that a prison official took an adverse action against him, and (3) that the prisoner's First Amendment activity caused the prison official to engage in the adverse action.  *Lusmat v. Papoosha*, No. 3:20-cv-01386 (JAM), 2021 U.S. Dist. LEXIS 142699, at *18 (D. Conn.

July 29, 2021) (citing *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015)).   Plaintiff alleges that "since the start of filing these grievances and complaints" he has been "targeted" by Defendant Haymond.   Complaint, at p. 8 ¶ 17.   Specifically, he alleges that Defendant Haymond threatened to assault him, told other inmates that Plaintiff was a sex offender, and would repeatedly shut the door on Plaintiff to squeeze him between the door and doorframe.   *Id.* at ¶¶ 17–21.   Plaintiff alleges that he has utilized administrative remedies to report the conditions at HCC.   *Id.* at ¶ 3.   Plaintiff has engaged in protected activity.   *See Dehaney v. Chagnon*, 2017 U.S. Dist. LEXIS 94567, 2017 WL 2661624, at *3 (D. Conn. 2017) ("The filing of grievances clearly constitutes protected activity."). Plaintiff's allegations also demonstrate that Defendant Haymond took adverse action against him, and include at least an inference that the action was caused by the protected activity.   Plaintiff has alleged the basic prerequisites of a First Amendment retaliation claim against Defendant Haymond.

### E.  Injunctive Relief

Finally, Plaintiff seeks prospective injunctive relief to correct the prison conditions at HCC.   Federal courts can order prospective relief "in any civil action with respect to prison conditions," provided it "extend[s] no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. § 3626(a). Accordingly, Plaintiff may proceed with a request against HCC's current warden, Devonia Long (rather than defendant Ned McCormick), who plausibly could afford him such relief. *See* Fed. R. Civ. P 25(d) ("An action does not abate when a public officer who is a party in an official capacity ... ceases to hold office while the action is pending[,] [and] [t]he officer's successor is automatically substituted as a party.").

**IV.   CONCLUSION**

In accordance with the foregoing analysis, the court enters the following orders:

(1) The claims asserted under the Fourth Amendment are **DISMISSED** pursuant to 28. US.C. § 1915A(b)(1).   The claims for monetary relief against Defendants in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2).   The Fourteenth Amendment claims against Defendants Lamont, Carlos, McCormick, Long, Rivera, and Haymond in their individual capacity are **DISMISSED.**  Defendants Lamont, Carlos, McCormick, and Rivera are **DISMISSED** from this action.

(2) The following federal claims will **PROCEED**: Plaintiff's Fourteenth Amendment claim against Defendant Winton in his individual capacity, Plaintiff's First Amendment claim against Defendant Haymond in his individual capacity, and Plaintiff's request for injunctive relief against Deputy Commissioner Devonia Long in her official capacity.

(3) Plaintiff may, within **thirty (30) days**, file an amended complaint to clarify the factual bases for his Fourteenth Amendment substantive due process claims related to the conditions of his confinement which describes how Defendants Lamont, Carlos, McCormick, Long, or Rivera were personally involved in or responsible for imposing the conditions against him.  Plaintiff should also identify the duration of the conditions imposed.  Plaintiff should be aware that if he does not file an amended complaint with greater detail as to Defendants Lamont, Long, Carlos, McCormick, and Rivera, they will remain dismissed from the action, and Plaintiff will be unable to pursue a Fourteenth Amendment claim against them in their individual capacity.

(4) If Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)(2) provides that he MUST notify the court.  Failure to do so can result in

the dismissal of the case.  Plaintiff must give notice of a new address even if he is incarcerated.  Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address.  If Plaintiff has more than one pending case, he should indicate all case numbers in the notification of change of address.   Plaintiff should also notify Defendants or the attorney for Defendants of his new address.

(5) The Clerk shall verify the current work address of Deputy Commissioner Devonia Long and Correctional Officer Haymond with the State of Connecticut Office of Legal Affairs and mail a copy of the complaint, this order, and a waiver of service of process request packet to each defendant at the confirmed address.  On the thirty-fifth (35th) day after mailing, the Clerk shall report to the Court on the status of each request. If any defendant fails to return the waiver request, the Clerk shall arrange for in-person service by the U.S. Marshals Service and that defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(6) Defendants Winton, Haymond, and Long shall file their response to the complaint, either an answer or motion to dismiss, within thirty (30) days from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(7) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed by **March 29, 2023**. Discovery requests need not be filed with the Court.

(8) All motions for summary judgment shall be filed within by **May 1, 2023**.

(9) The Clerk shall immediately enter the District of Connecticut Standing Order Re: Initial Discovery Disclosures concerning cases initiated by self-represented inmates and shall send a copy of the Standing Order to the parties.

(10)   The Clerk shall send a courtesy copy of the complaint, and this order to the Department of Correction Legal Affairs Unit.

**IT IS SO ORDERED** at Hartford, Connecticut this 29th day of August, 2022.

/s/ *Omar A. Williams*
Omar A. Williams
United States District Judge