UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WAYNE ROGERS,<br>      Plaintiff, | : | Civil No. 3:22-cv-66 (OAW) |
| | : | |
| v. | : | |
| | : | |
| NED LAMONT, et al.,<br>      Defendants. | : | JUNE 16, 2023 |

## RULING ON PLAINTIFF'S MOTION TO AMEND COMPLAINT

Self-represented plaintiff Wayne Rogers ("Plaintiff") moves to amend his complaint in response to the court's Initial Review Order ("IRO") as to his original complaint that was submitted on January 13, 2022. Having carefully reviewed the proposed Amended Complaint, the court finds that it does not allege facts that would permit Plaintiff to proceed with claims that were dismissed in the IRO. *See* ECF No. 9 at 12. Accordingly, the court hereby **DENIES** Plaintiff's motion to amend his complaint.

### I.     BACKGROUND

On January 13, 2022, Plaintiff filed a complaint bringing claims under 42 U.S.C. § 1983 against the following Defendants: Governor Lamont; Deputy Commissioner Carlos; Warden McCormick; Deputy Warden Long; Captain Rivera; Kitchen Supervisor Winton; and Officer Haymond. ECF No. 1 at 1. The complaint alleged that Defendants Lamont, Carlos, McCormick, Long, Rivera, and Winton violated Plaintiff's constitutional rights through their deliberate indifference to his unsanitary, inhumane confinement conditions, and that Defendant Haymond violated Plaintiff's constitutional rights by retaliating against him for his conditions of his confinement complaints. *Id.* at 4, 6-7 ¶¶ 1-3, 17-21.

1

On August 29, 2022, the court issued an IRO permitting Plaintiff to proceed with the following three claims: (1) a Fourteenth Amendment conditions of confinement claim against Kitchen Supervisor Winton in his individual capacity; (2) a First Amendment retaliation claim against Officer Haymond in his individual capacity; and (3) a request for injunctive relief pertaining to conditions of confinement against Warden Long in her official capacity.  ECF No. 9 at 12.[1]  The court dismissed all Fourteenth Amendment conditions of confinement claims against Defendants Lamont, Carlos, McCormick, Long, and Rivera because Plaintiff had not alleged facts showing their personal involvement in the alleged constitutional violations.  *Id.*[2]  Still, the court granted Plaintiff leave to file an amended complaint that better described how the Defendants were involved in the creation or perpetuation of his allegedly unconstitutional conditions of confinement.  *Id.*

On September 15, 2022, Plaintiff filed a motion to amend, ECF No. 12, containing a proposed Amended Complaint almost identical to the original (but for the inclusion of nine additional paragraphs).  ECF No. 12-1 at ¶¶ 25–33.  The nine additional paragraphs, Plaintiff explains, were intended to "better clarify the actions of the Defendants and the participation that they played that would implement them in the Constitutional violations and the responsibilities that they should be held to answer for."  ECF No. 12.[3]

---

[1] When Plaintiff's § 1983 claims accrued, Defendant Long was the deputy warden of the facility in which Plaintiff was detained.  Since then, she has been elevated to the position of warden.  Thus, in its IRO, the court designated Defendant Long as the party against whom Plaintiff could pursue official capacity claims pertaining to his conditions of confinement.  *See* ECF No. 9 at 11.

[2] The Court also dismissed Fourth Amendment claims against the Defendants because Plaintiff had not alleged facts implicating a search or seizure.  ECF No. 9 at 4-5.  The court also dismissed a Fourteenth Amendment cause of action against Officer Haymond because Plaintiff's allegations instead implicated the First Amendment.  *Id.* at 10.

[3] Warden McCormick is not mentioned the Motion to Amend Complaint or the Amended Complaint's additional allegations.  ECF No. 12; ECF No. 12-1 at 8-10.

2

II.     **STANDARD OF REVIEW**

A court may deny leave to amend if "the proposed amendment is futile." *Lecente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (internal quotation marks omitted).

III.    **DISCUSSION**

A plaintiff seeking to recover monetary damages under § 1983 from a defendant in their individual capacity must demonstrate "the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). To adequately plead a supervisory official's personal involvement, a plaintiff must allege that the "Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti, v. Bachmann*, 983 F. 3d 609, 618 (2020) (quoting *Iqbal*, 556 U.S. at 676).

In the IRO, the court found that the initial complaint did not adequately plead the personal involvement of Defendants Lamont, Carlos, McCormick, Long, and Rivera in allegedly unconstitutional conditions of confinement because the "complaint merely repeats the allegation that he notified [the] Defendants … with respect to each of the challenged conditions, and they all failed to respond or correct the condition." ECF No. 9 at 9. To address this deficiency, the Amended Complaint notes precise dates when Plaintiff notified Defendants Carlos, Long, and Rivera of challenged conditions of

confinement through the filing of inmate request forms, ECF No. 12-1 at 8, ¶¶ 26-29, but adding these dates do not effectively establish the defendants' *personal* involvement. Moreover, it is not clear from the Amended Complaints' allegations whether Defendants Carlos, Long, or Rivera ever *received* Plaintiff's inmate request forms.  But, even if they did, "[a]n inmate's allegation that he lodged informal complaints with supervisory officials and that they subsequently failed to take corrective action falls short of establishing those officials' personal involvement."  *Rosa v. Cook*, 3:22-cv-865 (SALM), 2022 WL 7517256 at *6 (D. Conn. Oct. 13, 2022) (internal quotation marks and citation omitted).

The Amended Complaint also seeks to establish the personal involvement of Defendants Lamont, Carlos, and Long by noting that Plaintiff (on a particular date) sent them a letter complaining about conditions of confinement.  ECF No. 12-1 at 9, ¶ 30.  It further asserts that this letter "was answered, evasively," but does not specify which of the three Defendants (if any) actually responded.  *Id.*  This allegation is insufficient to establish personal involvement, because "[t]he fact that a prisoner sent a letter or written request to a supervisory official does not establish the requisite personal involvement of the supervisory official."  *Young v. Choinski*, 15 F. Supp. 3d 172, 189 (D. Conn. 2014).

The Amended Complaint also includes allegations aiming to better establish the personal involvement of Officer Haymond.  ECF No. 12 at 1; ECF No. 12-1 at 9, ¶¶ 31-33.  However, the court already has permitted Plaintiff to proceed with a § 1983 retaliation claim against Officer Haymond through the initial complaint.  ECF No. 9 at 11.  Thus, the Amended Complaint's novel allegations are superfluous in terms of stating a claim against Officer Haymond.

Plaintiff's additional claims as to Officer Haymond assert that he notified Defendants Carlos and Long of Officer Hammond's allegedly retaliatory misconduct. ECF No. 12-1 at 9, ¶¶ 31-32. It is unclear whether Plaintiff intended these allegations to suggest that Carlos and Long could be liable for Hammond's retaliation, but if so, the attempt was not successful. "An inmate's allegation that he lodged informal complaints with supervisory officials and that they subsequently failed to take corrective action falls short of establishing those officials' personal involvement." *Rosa*, 2022 WL 7517256 at *6 (internal quotation marks and citation omitted).

In sum, the initial complaint did not adequately allege the personal involvement of the supervisory defendants because Plaintiff merely alleged that they were notified of challenged confinement conditions. The Amended Complaint's additional allegations do not overcome this deficiency. Thus, the court denies Plaintiff's motion to amend the complaint. Plaintiff's claims shall proceed as indicated in the court's IRO at ECF No. 9.

## IV.     CONCLUSION

The court enters the following orders:

(1) Plaintiff's Motion to Amend Complaint [ECF No. 12] is **DENIED.**

(2) This case shall proceed on the claims noted in the IRO.

(3) The Clerk of Court respectfully is directed to update the docket to reflect that the following defendants remain parties to this action: (1) Kitchen Supervisor Winton in his individual capacity; (2) Officer Haymond in his individual capacity; and (3) Warden Long in her official capacity. All other defendants remain **TERMINATED** as parties to this action.

**IT IS SO ORDERED** this 16th day of June, 2023, at Hartford, Connecticut.

                                                              /s/
                                            Omar A. Williams
                                            United States District Judge